**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TAMARA NEWSOM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO. 09-954-GPM** |
| ) | |
| **CALIBER AUTO TRANSFER OF** ) | |
| **ST. LOUIS, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

This matter is before the Court sua sponte on the question of federal subject matter jurisdiction. *See Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("[I]nquiring whether the court has jurisdiction is a federal judge's first duty in every case[.]"); *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 588 (S.D. Ill. 2007) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must."). Plaintiff Tamara Newsom filed this action originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. Defendants Caliber Auto Transfer of St. Louis, Inc. ("Caliber St. Louis"), Caliber Management, Inc. ("Caliber Management"), Caliber Auto Transfer, Inc. ("Caliber Inc."), and Scott Davenport have removed the case to this Court. Federal subject matter jurisdiction is alleged on the basis that this case arises under federal law within the meaning of 28 U.S.C. § 1331 and on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

In general, of course, the exercise of federal subject matter jurisdiction in diversity requires that the parties to a case be of completely diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Driscoll v. Brown & Crouppen, P.C.*, Civil No. 09-859-GPM, 2009 WL 3770190, at *1 (S.D. Ill. Nov. 10, 2009).  Here Caliber St. Louis, Caliber Management, Caliber Inc., and Davenport, as the proponents of federal subject matter jurisdiction, have the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Wiess v. Wal-Mart Stores, Inc.*, Civil No. 09-887-GPM, 2009 WL 3713353, at *1 (S.D. Ill. Nov. 4, 2009).

Turning then to the question of the adequacy of the allegations of federal diversity jurisdiction in this case, for diversity purposes a corporation is a citizen of the state under the law of which it is incorporated and the state where the corporation has its principal place of business, which means, in the Seventh Circuit, the state where the corporation's headquarters or "directing intelligence" is located. *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006) (citing 28 U.S.C. § 1332(c)(1)).  The notice of removal in this case properly alleges that Caliber St. Louis is incorporated under Maryland law and has its principal place of business in Ohio, so that Caliber St. Louis is a citizen of Maryland and Ohio for diversity purposes.  The notice of removal also properly alleges that Caliber Management is incorporated under Maryland law and has its principal place of business in Oklahoma, so that for diversity purposes Caliber Management is a citizen of Maryland and Oklahoma.

Concerning the citizenship of Defendant Caliber Auto Transfer Companies ("Caliber Companies"), which Newsom alleges is a partnership, normally the citizenship of an unincorporated association for purposes of federal diversity jurisdiction is the citizenship of the association's members. *See Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 625 (7th Cir. 1998) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998); *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996); *B & R Oil Co. v. Imperial Enters. of Ill., LLC*, Civil No. 09-257-GPM, 2009 WL 1867677, at *1 & n.1 (S.D. Ill. June 29, 2009); *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at *7 n.3 (S.D. Ill. Nov. 22, 2006); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1039, 1040 (S.D. Ill. 2006). However, it also is true that a defendant that is a non-existent business entity is not required to join in or consent to the removal of a case, nor is the citizenship of the non-existent entity considered for purposes of complete diversity of citizenship. *See Gowdy v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-850-GPM, 2009 WL 3584254, at *1 (S.D. Ill. Oct. 27, 2009); *Mullen v. Bobcat Co.*, No. 07-CV-697A, 2008 WL 4147401, at **1-3 (W.D.N.Y. Sept. 2, 2008); *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807, 818-21 (N.D. Ohio 2008); *Bernsten v. Balli Steel, PLC*, Civil Action No. 08-62, 2008 WL 862470, at **2-8 (E.D. Pa. Mar. 31, 2008). The removing Defendants allege that Caliber Companies is a non-existent entity and proffer in support of this contention an affidavit from Jacque Hildebrand, a corporate officer of Caliber St. Louis, Caliber Management, and Caliber Inc., attesting that he is unaware of the existence of Caliber Companies and any affiliation between it and his companies. *See* Doc. 2-7 at 2 ¶ 8. Accordingly, until such time as Newsom may produce some evidence that Caliber Companies exists and is a proper party to this case, the Court will

disregard Caliber Companies in evaluating the existence of complete diversity of citizenship in this case, and also will disregard the failure of Caliber Companies to join in or consent to the removal of this case.[1]

Having identified what is right with the notice of removal in this case, the Court turns to what is wrong.  First, the removing Defendants allege that this case satisfies the jurisdictional minimum amount of $75,000, exclusive of interest and costs, "[u]pon information [and] belief."  Doc. 2 at 3 ¶ 12.  While it does appear from the record of this case that the jurisdictional amount is met, the Court cannot accept allegations concerning jurisdictional facts that are made on information and belief, instead of personal knowledge.  *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Busch v. Lee Enters., Inc.*, Civil No. 09-780-GPM, 2009 WL 4030928, at *3 n.2 (S.D. Ill. Nov. 20, 2009); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4226068, at *3 n.1 (S.D. Ill. Nov. 13, 2007); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).  Accordingly, the removing Defendants must amend their notice of removal to omit all references to information and belief in their pleading of facts necessary to establish the existence of federal subject matter jurisdiction in diversity.

---

1.    A failure by all defendants that are properly joined and served when a case is removed to join in or consent to the removal renders the removal procedurally defective.  *See P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968); *Stephens v. Burns & Wilcox, Ltd.*, Civil No. 09-860-GPM, 2009 WL 3756444, at *4 (S.D. Ill. Nov. 7, 2009).  The Court's usual practice upon detecting a procedural defect in a removal of a case is to direct the plaintiff or plaintiffs in the case to file by a date certain either a consent to the removal waiving the procedural defect or a motion for remand of the case to state court by reason of the defect.  *See, e.g., Ursch v. Detailers & More, Inc.*, Civil No. 09-913-GPM, 2009 WL 3678254, at *3 (S.D. Ill. Nov. 3, 2009); *Reynolds v. Schucks Mkts., Inc.*, Civil No. 09-334-GPM, 2009 WL 2259251, at **3-4 (S.D. Ill. May 19, 2009) (citing *In re Continental Cas. Co.*, 29 F.3d 292, 294-95 (7th Cir. 1994)).  Here, because Caliber Companies is a non-existent entity (and for that reason, it appears from the record, was not properly served when this case was removed), the Court declines to do so.

Second, the notice of removal in this case alleges improperly that Davenport is a "resident" of Missouri.  Doc. 2 at 2 ¶ 9.  With respect to natural persons, allegations that a person is a resident of a state fail to invoke federal diversity jurisdiction, which instead is properly invoked only by allegations that the person is a citizen of a state, not a resident of a state.  *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447-48 (7th Cir. 2000); *Kubitschek v. Shelter Mut. Ins. Co.*, Civil No. 09-937-GPM, 2009 WL 3769984, at *2 n.1 (S.D. Ill. Nov. 9, 2009).  The state citizenship of a natural person is determined in turn by the state where the person is domiciled, that is, physically present with the intent to remain there indefinitely.  *See Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 70 n.1 (7th Cir. 1992); *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833-34 (S.D. Ill. 2006).  Accordingly, the notice of removal in this case must be amended to allege that Davenport is a citizen of Missouri, not a resident of Missouri.

Third and last, the notice of removal in this case fails to allege properly the citizenship of Caliber Inc. for diversity purposes.  According to the notice of removal and the Hildebrand affidavit, Caliber Inc. is a dissolved corporation that was incorporated under Maryland law and had its principal place of business in Maryland.  *See* Doc. 2 at 2 ¶ 7; Doc. 2-7 at 1 ¶ 6. The citizenship of a dissolved corporation for diversity purposes is determined by the state where the corporation was incorporated and the state where the corporation maintained its principal place of business (tested in this Circuit, as noted, under a "nerve center" standard) if the law under which the corporation was incorporated permits the corporation, after dissolution, to sue and be sued in its own name. *See Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528-29 (7th Cir. 2002); *Muro v. Abel*

*Freight Lines, Inc.*, No. 91 C 6893, 1992 WL 67816, at *1 (N.D. Ill. Mar. 26, 1992); *Illinois Cent.*

*Gulf R.R. Co. v. Arbox Three Corp.*, 700 F. Supp. 389, 390-91 (N.D. Ill. 1988).  If, however, the law

under which a dissolved corporation was incorporated does not permit the corporation to sue and be

sued in its own name after dissolution, then the citizenship of the dissolved corporation for diversity

purposes is the citizenship of the trustee or trustees of the dissolved corporation.  *See Yount v.*

*Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Daluga v. Harvey*, No. 87 C 560, 1987

WL 7461, at *2 (N.D. Ill. Mar. 5, 1987).   The Court's review of Maryland law, under

which, as noted, Caliber Inc. was incorporated, suggests that the correct citizenship of Caliber Inc.

for diversity purposes is the citizenship of its trustees.

> Under Maryland law, a dissolved corporation retains the power to sue and be sued in its own

name, but the directors of the corporation become the trustees of the defunct corporation:

> (a) When a Maryland corporation is voluntarily dissolved, until a court appoints a receiver, the business and affairs of the corporation shall be managed under the direction of the board of directors solely for the purpose set forth in § 3-408(b) of this subtitle.
> (b) On behalf of the corporation, the directors shall:
> > (1) Collect and distribute the assets, applying them to the payment, satisfaction, and discharge of existing debts and obligations of the corporation, including necessary expenses of liquidation; and
> > (2) Distribute the remaining assets among the stockholders.
> (c) The directors may:
> > (1) Carry out the contracts of the corporation;
> > (2) Sell all or any part of the assets of the corporation at public or private sale;
> > (3) Sue or be sued in the name of the corporation; and
> > (4) Do all other acts consistent with law and the charter of the corporation necessary or proper to liquidate the corporation and wind up its affairs.

Md. Code Ann., Corps. & Ass'ns § 3-410.  "Once a corporation's existence has been terminated, the

defunct corporation can neither sue, nor be sued, either *in rem* or *in personam*." *Scott v. Seek Lane*

*Venture, Inc.*, 605 A.2d 942, 951 (Md. Ct. Spec. App. 1992) (citing *Atlantic Mill & Lumber Realty*

*Co. v. Keefer*, 20 A.2d 178, 180 (Md. 1941)). "The corporation's assets are automatically transferred to the corporation's directors, who become the trustees of the assets of the defunct corporation for purposes of liquidation." *Id.* (citing *Cloverfields Improvement Ass'n, Inc. v. Seabreeze Props., Inc.*, 362 A.2d 675, 678-79 (Md. Ct. Spec. App. 1976)). The statute applies both to voluntary dissolutions of a corporation and forfeitures of a corporate charter. *See President & Dirs. of Georgetown Coll. v. Madden*, 660 F.2d 91, 96 (4th Cir. 1981) (applying Maryland law). Thus, under Maryland law, where a corporation is dissolved, whether voluntarily or involuntarily, the corporation's power to sue and be sued passes effectively into the hands of the corporate directors who stand as trustees of the assets of the corporation. *See FDIC v. Heidrick*, 812 F. Supp. 586, 592-93 (D. Md. 1991) (citing Fed. R. Civ. P. 17) (because the two remaining corporate plaintiffs in an action against an insurer were dissolved under Maryland law and had no capacity to maintain a lawsuit, summary judgment was granted as to those plaintiffs).

In view of the foregoing, it appears to the Court that, notwithstanding the fact that the director-trustees of a corporation dissolved under Maryland law may "[s]ue or be sued in the name of the corporation," Md. Code Ann., Corps. & Ass'ns § 3-410(c)(3), in truth it is the citizenship of the director-trustees of Caliber Inc. that is controlling in this case with respect to the matter of complete diversity of citizenship. The Supreme Court of the United States has held, of course, that where a trustee "possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others," the trustee is a real party in interest whose citizenship must be considered for purposes of diversity jurisdiction. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (citing *Bullard v. City of Cisco, Tex.*, 290 U.S. 179, 190 (1933)). *See also Northern Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (in evaluating the existence of diversity jurisdiction, courts

examine the citizenship of a representative when the representative is a corporation, a shareholder in derivative suits, a class representative, or a trustee of express trusts in which the trustee has legal title to the trust property).  Thus, the removing Defendants in this case must amend their notice of removal to allege the citizenship of each of the director-trustees of Caliber Inc.  In the amended notice of removal Caliber St. Louis, Caliber Management, Caliber Inc., and Davenport must identify: (1) the state of which any natural person who is a director-trustee of Caliber Inc. is a citizen, meaning, as noted, the state where that person is domiciled, that is, physically present with an intent to remain there indefinitely; (2) the state where any corporation that is a director-trustee of Caliber Inc. is incorporated and the state where the corporation maintains its principal place of business, defined, as noted, as the state where the corporation has its nerve center; (3) the state of citizenship of the trustee or trustees of any trust that is a director-trustee of Caliber Inc., unless the law under which the trust is organized permits the trust to sue and be sued in its own name, in which case the citizenship of the trust is that of its beneficiary or beneficiaries; and (4), if any trustee of Caliber Inc. is a partnership, limited liability company, or other unincorporated association, the citizenship of every member of such an association.  *See Starno v. Bayer Corp.*, Civil No. 09-821-GPM, 2009 WL 3257124, at *1 (S.D. Ill. Oct. 7, 2009); *Yount*, 472 F. Supp. 2d at 1057 n.1 (citing *Allegis Group, Inc. Contractors Health Plan Trust v. Connecticut Gen. Life Ins. Co.*, No. 04-16, 2004 WL 1289862, at **2-4 & n.3 (D. Md. June 10, 2004)).[2]

---

2.    The records of corporations maintained online by the office of the Maryland Secretary of State at http://sdatcert3.resiusa.org/UCC-Charter/CharterSearch_f.aspx, which the Court can judicially notice, *see Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006), reflect that the director-trustees of Caliber Inc. are S. Dean Hildebrand, Jacob B. Hildebrand, and Jacque K. Hildebrand, all of whom appear from the records of the Maryland Secretary of State to be citizens of Oklahoma for purposes of federal subject matter jurisdiction in diversity.

To conclude, Caliber St. Louis, Caliber Management, Caliber Inc., and Davenport are **ORDERED** to file an amended notice of removal properly alleging (1) the jurisdictional amount in controversy in this case for diversity purposes, (2) the state citizenship of Davenport for diversity purposes, and (3) the state citizenship of Caliber Inc. for diversity purposes not later than 12:00 p.m. on Monday, December 7, 2009.

**IT IS SO ORDERED.**

DATED:  November 26, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge