**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TAMARA NEWSOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-954-GPM |
| | ) |
| CALIBER   AUTO   TRANSFER   OF | ) |
| ST. LOUIS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

This matter is before the Court on the motion for remand of this case to state court for lack of federal subject matter jurisdiction brought by Plaintiff Tamara Newsom (Doc. 15).  Newsom alleges in this case that, as a result of deliberate misrepresentations and other misconduct by Defendants Caliber Auto Transfer of St. Louis, Inc. ("Caliber St. Louis"), Caliber Management, Inc. ("Caliber Management"), Caliber Auto Transfer Companies ("Caliber Companies"), Caliber Auto Transfer, Inc. ("Caliber Inc."), and Scott Davenport, she was deprived of employment as a vehicle loader by Caliber St. Louis, Caliber Management, Caliber Companies, Caliber Inc., and Davenport, and deprived also of representation by a union and unemployment benefits. Newsom's operative complaint in this case asserts claims for breach of contract, fraud, willful and wanton conduct, negligence, and violations of the Illinois Prevailing Wage Act, 820 ILCS 130/0.01 *et seq.*[1]  This case was filed originally in the Circuit Court of the Twentieth Judicial

---

1.   As the Court has had occasion to note in the past, the Court is not aware of a freestanding cause of action for willful and wanton conduct under Illinois law. *See Bean v. Bayer Corp.*, Civil No. 09-747-GPM, 2009 WL 3065090, at *1 n.1 (S.D. Ill. Sept. 23, 2009);

Circuit, St. Clair County, Illinois, and has been removed to this Court by Caliber St. Louis, Caliber Management, Caliber Inc., and Davenport.[2]  Federal subject matter jurisdiction is alleged on the basis of 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

Principally in dispute between the parties is the state citizenship of Davenport for purposes of federal subject matter jurisdiction in diversity.  For a court to exercise jurisdiction on the basis of diversity of citizenship an amount in excess of $75,000, exclusive of interest and costs, must be in controversy and there must be complete diversity of citizenship.  *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Driscoll v. Brown & Crouppen, P.C.*, Civil No. 09-859-GPM, 2009 WL 3770190, at *1 (S.D. Ill. Nov. 10, 2009); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 (S.D. Ill. 2006).  Complete diversity of citizenship means, of course, that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen."  *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997).  *See also Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) ("Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party.").  The removing parties contend that Davenport is a citizen of Missouri, but Newsom contends that he is, like her, a citizen of Illinois, so that diversity of citizenship is not complete.

In support of her motion to remand Newsom points out that although Davenport testified on September 11, 2009, in a separate action that he resides at a specific address in Kansas City, Missouri, Newsom has been unable to serve Davenport at that address.  Newsom points out also that Davenport's

---

2.     It appears from the record of this case that Caliber Companies is a non-existent entity. *See Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-954-GPM, 2009 WL 4506298, at *2 (S.D. Ill. Nov. 26, 2009).

page on the Internet social networking site MySpace.com reflects that as of October 12, 2009, Davenport was living in Albers, Illinois. Also, Newsom points out, there is no evidence that Davenport possesses a Missouri driver's license or has registered to vote in Missouri. "[W]here evidence pertinent to subject matter jurisdiction has been submitted . . . 'the district court may properly look beyond the jurisdictional allegations of the [party invoking federal jurisdiction] . . . to determine whether in fact subject matter jurisdiction exists.'" *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999) (quoting *United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)). Further, Caliber St. Louis, Caliber Management, Caliber Inc., and Davenport, as the proponents of federal subject matter jurisdiction in this instance, must prove by a preponderance of the evidence that the prerequisites for the exercise of diversity jurisdiction exist in this case. *See McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006) (citing *Johnson v. Wattenbarger*, 361 F.3d 991 (7th Cir. 2004)); *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995). Jurisdiction must be shown to exist both when this case was filed and when it was removed. *See Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776-77 (7th Cir. 1986); *Tullis v. Wal-Mart Stores, Inc.*, Civil No. 09-935-GPM, 2009 WL 3756640, at *2 (S.D. Ill. Nov. 9, 2009).

For purposes of federal diversity jurisdiction, the state citizenship of a natural person is determined by the state where the person is domiciled, not the state where the person resides. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (citing *Gilbert v. David*, 235 U.S. 561 (1915)) ("In federal law citizenship means domicile, not residence."). "Domicile ordinarily is understood to mean physical presence and the intent to remain somewhere indefinitely." *Castellon-Contreras v. I.N.S.*, 45 F.3d 149, 153 (7th Cir. 1995). *See also Texas v.*

*Florida*, 306 U.S. 398, 424 (1939) ("Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile."); *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002) ("[D]omicile is the place one intends to remain[.]"); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996) ("[I]t takes physical presence in a state, with intent to remain there, to establish domicile."). Intent to establish a domicile has been described as "a state of mind which must be evaluated through the circumstantial evidence of a person's manifested conduct." *Sadat v. Mertes*, 615 F.2d 1176, 1181 (7th Cir. 1980). Furthermore, "it is well-established that in ascertaining intent to remain for purposes of establishing domicile a party's entire course of conduct may be taken into account. It is not enough to simply establish physical presence, but in order to turn residence in fact into a domicile in law the party must show, by some objective act, his intention to maintain the residency indefinitely." *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993) (internal citations omitted).

In determining a party's domicile for diversity purposes, courts examine a variety of factors, including, but not limited to: the party's current residence; the location of the party's belongings and personal property; the party's voter registration, driver's license, and vehicle registrations; the party's place of employment; the location of the party's family members; and the extent of the party's social involvement in the surrounding community. *See, e.g., Sadat*, 615 F.2d at 1181 n.5 ("A party's voting practice . . . is only one of the factors considered in determining that person's domicile."); *24 Hour Fitness USA, Inc. v. Bally Total Fitness Holding Corp.*, No. 08 CV 3853, 2008 WL 4671748, at *3 (N.D. Ill. Oct. 21, 2008) (factors to be considered in evaluating domicile typically include "current residence, location of belongings and personal property, voter registration, driver's license and vehicle registrations, place of employment, presence of family members, and extent of social involvement in the surrounding community, among others."); *Gravdahl v. Conwell*, No. 00 C 0579, 2002 WL 398599,

at *1 (N.D. Ill. Mar. 14, 2002) (relevant factors in evaluating domicile include "current residence, voting registration, driver's license and automobile registration, location of personal property, place of employment or business, membership in clubs or other associations, family ties and payment of taxes."). No single factor is dispositive in determining domicile, and "statements of intent are entitled to little weight when in conflict with the facts." *Sadat*, 615 F.2d at 1181. Additionally, courts have created a presumption that favors an individual's old, established domicile over a newly-acquired one. *See, e.g., Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (citing *Holmes v. Sopuch*, 639 F.2d 431, 434 (8th Cir. 1981)); *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 701 (1st Cir. 1979); *Janzen v. Goos*, 302 F.2d 421, 425 (8th Cir. 1962); *Stine v. Moore*, 213 F.2d 446, 447 (5th Cir. 1954); *Zafar v. Matlock*, No. 92 C 5807, 1992 WL 370171, at *1 (N.D. Ill. Dec. 2, 1992). Thus, "[a] domicile once established, whether by origin or choice, continues until a new domicile is acquired. The four elements of change are: (1) physical abandonment of the first domicile, (2) intention not to return, (3) physical presence in the new domicile, and (4) intent to make that his domicile; and in order to effect a change of domicile the old domicile must be abandoned, without an intention to return to it, and a new domicile acquired in another jurisdiction with the intention of making it a permanent home." *Koerber v. Apollo Golf, Inc.*, No. 93 C 711, 1993 WL 39630, at **1-2 (N.D. Ill. Feb. 16, 1993).

At the hearing the Court conducted on the instant motion to remand on February 1, 2010, counsel for Caliber St. Louis, Caliber Management, Caliber Inc., and Davenport failed to adduce any evidence that Davenport is a citizen of Missouri, merely averring generally that Davenport recently returned to Missouri after living for a period of time in Illinois. Naturally, the bare assertions of counsel for Caliber St. Louis, Caliber Management, Caliber Inc., and Davenport are insufficient to establish that this Court has subject matter jurisdiction in this instance. *See Lexington Ins. Co. v. Rugg & Knopp*,

*Inc.*, 165 F.3d 1087, 1090 (7th Cir. 1999) ("A bare recitation that subject matter jurisdiction exists is insufficient."). On the record before the Court it is impossible to ascertain Davenport's correct state citizenship for diversity purposes, an intolerable situation given that "subject matter jurisdiction must be a matter of certainty and not of probabilities (however high)[.]" *Murphy v. Schering Corp.*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995). Although the Court is advised by counsel for the parties to this case that the case has settled, the Court cannot permit a case in which the existence of federal subject matter jurisdiction is seriously in question to remain pending on its docket. *See In re Mutual Fund Market-Timing Litig.*, 468 F.3d 439, 441 (7th Cir. 2006) (declining to stay a remand of cases in which federal subject matter jurisdiction was lacking because the cases had settled while pending in federal court). Accordingly, this case will be returned to state court.[3]

To conclude, Newsom's motion for remand of this case to state court (Doc. 15) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c) this case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: February 1, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

––––––––––––––––––

3. As already has been noted, in addition to federal subject matter jurisdiction on the basis of diversity of citizenship, Caliber St. Louis, Caliber Management, Caliber Inc., and Davenport assert such jurisdiction on the basis of 28 U.S.C. § 1331, contending that Newsom's state-law claims are completely preempted by the Labor Management Relations Act of 1947, 29 U.S.C. § 141 *et seq*. For the reasons stated by the Court in *Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, 638 F. Supp. 2d 980 (S.D. Ill. 2009), and *Gowdy v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-850-GPM, 2009 WL 3584254 (S.D. Ill. Oct. 27, 2009), the Court concludes that this case does not arise under federal law within the meaning of Section 1331.